United States District Court
Southern District of Texas
**ENTERED**
February 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:19-CR-01964 |
| | § | |
| NANCY SALAS | § | |

## MEMORANDUM OPINION AND ORDER

This written order VACATES an oral order striking surplusage from the indictment, for the reasons discussed below.

At the rearraignment hearing on February 3, 2022, the Court was unable to accept the Defendant's proffered plea of guilty. During the hearing, the Court and the parties determined that the indictment (Doc. No. 1) contained language that was confusing and inaccurate. Defendant is the sole defendant named in the indictment. The indictment, however, alleges that Defendant "did knowingly and intentionally conspire *and agree together, with each other, and* with other persons known and unknown to the Grand Jury, to conceal, harbor and shield from detection" undocumented aliens. (Doc. No. 1) (emphasis added).

At the rearraignment hearing, the Court discussed with the parties the confusion caused by the inclusion of the italicized language, which is normally used only when two or more defendants are charged by name in the indictment. All parties agreed that the gravamen of the indictment charges with Defendant with conspiring with other persons known and unknown to the Grand Jury, not that some other defendant's name was inadvertently omitted from the indictment.

The Court entertained an oral motion from the United States during the hearing to strike the italicized language from the indictment as surplusage. Counsel for Defendant, when asked, had no objection. The Court orally granted that motion.

Further research after the hearing, however, reveals that the Court should not have granted the motion by the United States to strike the surplusage. First, Federal Rule of Criminal Procedure 7(d) authorizes a court to strike surplusage from indictments only upon motion by the defendant. Research has unearthed no authority to strike surplusage based on prosecution motion, as occurred here.

Additionally, striking the language may not be necessary in any event. Ordinarily, surplusage is to be stricken only if it is "irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993). Additionally, "[s]urplusage in an indictment may generally be disregarded where the charge is not materially broadened and the accused is not misled." *United States v. Quintero*, 872 F.2d 107, 111 (5th Cir. 1989) (quoting *United States v. Trice*, 823 F.2d 80, 89 n.8 (5th Cir. 1987)); *see also United States v. Steen*, 55 F.3d 1022, 1028 n.12 (5th Cir. 1995).

Here, despite its inclusion of the italicized language discussed above, the indictment does allege that Defendant conspired with others known and unknown to the grand jury to conceal or harbor undocumented aliens. All parties agree that Defendant is charged with conspiring with others who are not named in the indictment. Moreover, the italicized language – while likely irrelevant – does not appear to be inflammatory or prejudicial. Thus, the Court concludes that the italicized surplusage may be disregarded.

For these reasons, the Court VACATES its oral order striking the surplusage from the indictment. Currently, this case is reset for February 14, 2022. Should the parties believe that the italicized language should be stricken from the indictment, the Court will entertain additional briefing and discussion at that hearing.

SIGNED this 4th day of February, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge